Judge Simpson
delivered the opinion of the Court.
Warder and Coburn, being partners in the grocery business, had an account on the books of the firm against Newdigate for upwards of sixty dollars. They dissolved their partnership, and their notes and accounts were placed in the hands of Warder, who by the agree *175 nient oi the parties was to settle and adjust the business of the firm. Notice of the dissolution, and of the arrangement by which Warder was authorized to attend to the partnership concerns, and collect the debts, was duly published in a newspaper in the city of Mays-ville, where the business of the firm had been carried on.
An individual account, due from one member of a partnership, cannot be set-off against an account due to the firm: (9 B. Mon roe, 195; Story on Partnership, §128; Oow on Part., 59.)
This action of. assumpsit was afterwards brought against Newdigate for the account against him on the books of the firm. By the consent of the parties, a jury was dispensed with, and the whole case referred to the Court. A judgment was rendered for the defendant, and the correctness of that judgment is the question now to be determined.
It appears that Coburn one of the partners, agreed with Newdigate that if he would purchase his groceries at their house, he might pay his account in corn, hay, &c., with which he was to supply him for his individual use. The account was created with the firm' under that agreement, and N ewdigate in compliance with it on his part had furnished Coburn with provender and other articles; his account for which against Coburn, exceeded the amount due by him to the firm. There was no proof, however, that Warder the other partner assented to the agreement, or had any knowledge of its existence.
As the account due to the defendant is the individual debt of one of the partners, it is not a valid set off against the partnership demand sued, for; nor can it form a good defence to the action, unless the agreement relied upon, authorizes it to be used in that way.
The general doctrine is, that one partner cannot appropriate partnership effects without the consent of his co-partners, to the payment of his individual debts. A contract to bind the partnership, must not only be within the scope of its business, but it must be made with a party who has no knowledge that the partner with whom he contracts, intends it for his individual benefit, and is acting in violation, of his obligations and duties *176 to the firm. For every contract of this description made with such knowledge will be void as to the firm, although it may be obligatory upon the partner who makes it; Daniel vs Daniel, (9 B. Monroe, 195.) Story on Partnership, sec. 128. Gow on Partnership, 59.
That there was an agreement with one partner that the set-off should be made when the account was created, can’t change the case unless the other partner assented.
In this case the contract of a partner made for his individual advantage, is relied upon to bind the firm. It cannot have that effect unless it was entered into with the assent of the other partner. It was not within the scope of the partnership business, it was not made for the benefit of the firm, nor was the credit given to the firm, but to the individual partner with whom, the contract was made. The groceries were no doubt purchased upon the faith that they might be paid for in the manner stipulated. That faith was based however upon the promise and liability of an individual partner, and not of the firm. The defendant must be presumed to have known that the promise did not bind the firm, and to have relied upon the individual responsibility of the partner with whom he contracted.
It has been argued however, that this doctrine does not apply to executed contracts, such as this, but only to those contracts that are executory. We do not perceive any reason for such a distinction. For if the creditor of one of the partners should receive partnership effects in payment of his debt, and at the same time surrender the note or other evidence of his debt, the contract would be executed on both sides; and yet it is clear, that the agreement being prejudicial to the other partners, and a fraud upon their rights, would not be obligatory upon them unless it had been made with their assent. But if such a distinction existed, it would not aid the defendant in this case. The account stands against him on the books of. the firm unsettled, and his account against Coburn is in the same condition. He owes the firm, and one of the members is indebted to him. If no demand existed upon either side? if the groceries had been paid for when they were purchased, by the sale and delivery of articles of equiva *177 lent value, the contract would have been executed; but then the groceries instead of being charged to the purchaser, should have been charged to the partner, who had virtually become the purchaser, by appropriating them to his own exclusive use and benefit.
¡One partner may bind his co-partner in all transactions relating to the partnership in the course of its business.
H Taylor and Harlan for plaintiffs ; Hord and Payne for defendant.
It is an undoubted proposition of law, that one partner may by his own acts bind his co-partners in all transactions relation to the partnership, in the course of its business. If a firm sells goods and receives various commodities in payment, the act of one partner in relation thereto binds the firm, because it is in the course of its trade, and done in the name and for the benefit of the partnership. But when goods are purchased to be paid for in commodities furnished not for the firm, but for one of the partners individually, and this fact is known to the purchaser, the act of one partner in such a case does not bind his co-partners, unless they assent to it. As however, arrangements of this description may be frequently made, and are no doubt usually made with the assent of the other partners, very slight evidence would be sufficient to establish such assent. An entry on the books of the firm, by which the goods sold were charged to the partner,' for whose benefit the transaction was made; or credits entered to the purchaser for commodities sold to one of the partners for his own use, without objection to such entries by the other partners, or the knowledge of the co-partners of the existence of a contract similar to the one relied upon in this case, and their silence during the time that it was being carried into effect, are acts from which their assent might be implied. But in this case there is no testimony of any assent by the other partner, either express or implied; and consequently the firm was not .'bound"by the agreement.
-, Wherefore the judgment is reversed and cause remanded for a new trial, and further proceedings consistent with this opinion.