## Smith v. Hall, et al.

(Decided January 18, 1927.)

## Appeal from Harlan Circuit Court.

1. Partnership—Partner Cannot Appropriate Partnership Effects to Payment of Individual Debts Without Consent of Copartners.— One partner cannot appropriate partnership effects, without consent of copartners, to payment of his individual debts, under rule that partner cannot bind copartners, unless acting within scope of partnership business.

2. Partnership—Allegation that Buyer Agreed with Partnership that Amount of Merchandise Purchased Should be Credited on Partners' Individual Note did Not Show Consent to Agreement by all Partners.—Allegation that "it was agreed between him and the said partnership" that amount of merchandise purchased should be credited on note executed by two of partners and held by buyer's wife is not sufficient to show that agreement was made or consented to by all members of partnership.

3. Partnership—Allegation that "Each" Partner Authorized One Partner to Make Agreement Showed Authority by all Partners— "Every."—Allegation that partner's authority to make agreement was given by each of members of partnership was sufficient averment that authority was given by all partners, where there was definite number of partners, since "each" means every individual of two or more, especially when applied to definite number, while "every" means all individuals of class or group.

4. Frauds, Statute of—Partners' Executed Oral Agreement to Sell Merchandise and Allow Buyer to Credit Amount Thereof on Note Executed by Two Partners Held Valid Under Statute (Kentucky Statutes, Section 470, Subdivision 4).—Partners' oral agreement to sell merchandise and allow buyer to credit amount thereof on note executed by two of partners, though invalid, while executory under Kentucky Statutes, section 470, subdivision 4, statute of frauds, as oral agreement to answer for debt of another, was valid when executed.

SAMPSON & SAMPSON for appellant.

LEE & SNYDER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

W. F. Hall, F. F. Cawood and H. H. Pope, partners doing business under the firm name of Ellis Knob Coal Company, brought this action against D. N. Smith to recover the sum of $1,317.61 for merchandise sold and delivered. On motion of Smith plaintiffs were required to file and did file an itemized statement of the account sued on and alleged that the merchandise was delivered in the year 1924.

In his answer Smith denied that W. F. Hall, F. F. Cawood and H. H. Pope were the only partners during the year 1924, and alleged that John Pope was also a member of the partnership. He also denied that he agreed and promised to pay for the merchandise, except "as hereinafter stated." Paragraph 2 of the answer is as follows:

"This defendant for further answer to the petition and amended petition of plaintiffs herein states that he did purchase merchandise from the firm of Ellis Knob Coal Company, a partnership composed of W. F. Hall, F. F. Cawood, H. H. Pope and John Pope, and that at the time he purchased said merchandise, as shown in the statement of account filed with the amended petition herein, that it was agreed between him and the said partnership so constituted that the amount of such merchandise so purchased by him should be credited upon note which the wife of this defendant, Susan Smith, held and which had been executed and delivered to her by the said H. H. Pope and John Pope and which exceeded the sum of the account sued on herein and it was agreed between

the said partnership and this defendant and this defendant's wife that if this defendant would purchase said merchandise that the amount thereof should be credited upon said notes owned and held by the said Susan Smith, and in full payment of the said indebtedness of this defendant.

"This defendant states that pursuant to said agreement the said goods were purchased by him and the credit therefor was applied as a credit against the said notes belonging to the said Susan Smith and that same was done in the year 1924 and has so been treated by all the parties as a settlement in full by this defendant of said indebtedness to said partnership and this defendant says that in this way said account has been settled in full."

Plaintiffs then filed a demurrer to the answer, which was overruled, and also a motion to make the answer more specific, which motion was sustained, and the defendant was then ordered to make his answer more definite and certain, "by stating in his answer whether he claims that all of the members of said partnership agreed with him to apply the account sued on a credit on the note of the Popes, to the wife of the defendant, and if all of said partners did not agree to such application of said account, then to state in his answer which of the members of said partnership he claims agreed to so apply the plaintiff's account to the payment of indebtedness of the said members of said partnership to Susan Smith," etc.

In compliance with this order the defendant filed an amended answer containing the following allegation:

"That the agreement set up in the answer herein of the plaintiff's partnership that the amount of the merchandise purchased by defendant should be credited upon the notes in the answer referred to was made by John Pope one of the members of the plaintiff partnership and was made by the said Pope for the said partnership and that the said partnership so agreed with this defendant by and through its said member, John Pope, who was also the general manager and chief and managing agent of plaintiff in charge of plaintiff's affairs and was made under authority given the said Pope by said partnership to do so."

Plaintiffs thereupon filed a demurrer to the answer as amended and defendant filed the following second amended answer:

"Comes the defendant and for his second amended answer herein fully reiterating all of the allegations and denials of his answer and amended answer herein states that the said John M. Pope, member of said plaintiff partnership who was also general manager and chief managing officer and agent of said partnership in charge of its affairs at all times mentioned in the petition and amended petition made the said agreement in the answer and amended answer set up that the amount of merchandise purchased by the defendant sued for herein should be credited upon the notes in the answer set up and referred to under authority given to the said Pope by the said partnership which said authority was given to the said Pope so to do by each of the members of said plaintiff partnership and the said Pope was by each of said members authorized to do the things and take the action in the answer and the amendments thereto set forth.

"The said plaintiffs' actions and agreements as set forth were ratified by the said partnership and each member thereof and acquiesced in by said members at the time of the said action and up to a few days before the institution of this suit."

The demurrer to the second amended answer was then sustained, and defendant's motion for further time to plead was denied on the ground that defendant had had ample time within which to comply with the ruling of the court. Judgment was then rendered in favor of plaintiffs and defendant has appealed.

It has long been the settled rule in this and other jurisdictions that a partner cannot bind his copartners unless he acts within the scope of the partnership business, and from this it follows that one partner can not appropriate partnership effects without the consent of his copartners to the payment of his individual debts. Warder v. Newdigate, 11 B. Mon. 174, 52 Am. Dec. 567; Jones v. Lusk, 2 Metcalfe, 356, 20 R. C. L., p. 910. From this it necessarily follows that the allegation that "it was agreed between him and the said partnership so constituted that the amount of such merchandise so pur-

chased by him should be credited upon the note which the wife of this defendant, Susan Smith, held," etc., is not sufficient to show that the agreement itself was made or was consented to by all the members of the partnership. It follows that the court did not err in requiring the answer to be made more specific by stating whether the alleged agreement was made by all the partners, and, if not by all, to give the names of the partners agreeing. Therefore, with respect to this phase of the case, the only question to be determined is, whether the second amended answer was a compliance with the order of the court. The second amended answer alleges in substance that the agreement was made "under authority given to the said Pope by the said partnership, which said authority was given to the said Pope so to do by each of the members of said plaintiff partnership, and the said Pope was by each of said members authorized to do the thing and take the action in the answer and the amendments thereto set forth." It seems that "each" means every individual of two or more, especially when applied to a definite number, considered separately from the rest, while the word "every" emphasizes the fact that all the individuals of a class or group are included, whether definite or indefinite in number. Webster's New International Dictionary. The petition alleges that the partnership was composed of three members. Appellant alleged that in addition to those names there was a fourth partner, John Pope. The result is that whether we take the number alleged in the petition, or the number alleged in the answer, there is a definite number of partners. We therefore conclude that the allegation that the authority to make the agreement was given to Pope by each of the members of the partnership, and that Pope was by each of said members so authorized to do the thing and take the action in the answer and amendments thereto set forth, was a sufficient averment that the agreement was made by him pursuant to authority given by all the members of the partnership. It results that the second amended answer was not only a substantial compliance with the order of the court to make more specific, but was good on demurrer, unless defective on the ground which we shall next consider.

The point is made that the agreement relied on was simply an oral promise on the part of the members of the

partnership other than the one for whose benefit the agreement was made, to answer for the debt of another, and therefore within the statute of frauds, which provides, in effect, that no action shall be brought to charge any person upon a promise to answer for the debt, default or misdoing of another, unless the promise be in writing, and signed by the party to be charged therewith, or by his authorized agent. Kentucky Statutes, section 470, subsection 4. The answer to this contention is that if the alleged agreement was made by the authority of all the members of the partnership, and appellant purchased the merchandise on the faith of the agreement and credited the amount thereof on the note in question, as alleged in the answer, the contract was fully executed, and there can be no recovery for the merchandise delivered under the agreement, although the agreement before it was executed was a mere oral promise to answer for the debt of another. As said in the early case of Craig v. Vanpelt, 3 J. J. Marshall 489:

"It is only while the contract remains executory, that the statute applies to it; after it shall have been executed, it would be preposterous to suffer its cancelment, merely because as an express contract, it could not have been enforced, by action, by either party. To give such an operation to the statute, would prevent its aim and convert it into a sword instead of a shield. It would then be a statute to encourage and legalize fraud, and not an act to prevent fraud."

It follows that the court erred in sustaining the demurrer to the answer as amended, and in rendering judgment in favor of appellees.

Judgment reversed and cause remanded for proceedings consistent with this opinion.